**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X   Case No. 18-cv-06698
ELSA GREENE,

                                        Plaintiff,

                                                                 **COMPLAINT**

        -against-

ARS NATIONAL SERVICES, INC.,

                                       Defendant.
------------------------------------------------------------------X

Plaintiff, by and through her attorneys, FAGENSON & PUGLISI, PLLC, upon knowledge as to herself and her own acts, and as to all other matters upon information and belief, brings this complaint against above-named defendant and in support thereof alleges the following:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* which prohibits debt collectors from engaging in abusive, deceptive and unfair acts and practices.

2. Further, this is an action for damages and injunctive relief brought by an individual consumer against defendant pursuant to New York General Business Law ("NYGBL") § 349 regarding defendant's deceptive acts and practices.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction pursuant to the FDCPA, 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 and supplemental jurisdiction exists over the NYGBL § 349 claims pursuant to 28 U.S.C. § 1367.

4. This Court has venue pursuant to 28 U.S.C. § 1391(b) in that plaintiff resides in this District and a substantial portion of the events or omissions giving rise to this action occurred in this District.

## PARTIES

5. Plaintiff is a natural person who resides in this District.

6. Plaintiff is a consumer within the meaning of 15 U.S.C. § 1692a(3) as she is a natural person who is alleged by defendant to owe a financial obligation.

7. The financial obligation which defendant sought to collect from plaintiff is a debt within the meaning of 15 U.S.C. § 1692a(5) in that the obligation which defendant sought to collect from plaintiff is an allegedly defaulted credit card account originally owned by Citibank, N.A. and whose balance was incurred for personal, family or household purposes.

8. Plaintiff is a reasonable consumer within the meaning of NYGBL § 349 who acted reasonably under the circumstances alleged herein.

9. Defendant is a debt collector within the meaning of 15 U.S.C. § 1692a(6).

10. The principal purpose of defendant's business is the collection of defaulted consumer debts.

11. Defendant uses the mails in its business the principal purpose of which is the collection of defaulted consumer debts.

12. Defendant regularly collects or attempts to collect defaulted consumer debts owed or due or alleged to be owed or due to others.

13. Upon information and belief, defendant is a foreign business corporation incorporated in California.

## FACTUAL ALLEGATIONS

14. Plaintiff re-alleges paragraphs 1-13 as if fully re-stated herein.

15. Defendant sent a collection letter dated November 20, 2017 to plaintiff.

16. On information and belief, said letter was mailed to plaintiff within the one-year period immediately preceding the commencement of this action.

17. Said letter was received by plaintiff within the one-year period immediately preceding the commencement of this action.

18. In the letter, defendant stated: "New Balance: $2,323.99."

19. Defendant also stated in the letter, in pertinent part:

"Please be advised that your account balance stated above is subject to change, including possible increases due to interest and other charges according to the terms of your original credit agreement."

20. Defendant's said statement concerning interest and other charges was false, deceptive and misleading.

21. Plaintiff's account balance did not increase due to interest or other charges subsequent to the date of defendant's said letter.

22. Plaintiff's account balance did not increase at all subsequent to the date of defendant's said letter.

23. Defendant sent the letter in an effort to collect plaintiff's said defaulted Citibank debt.

24. Defendant's letter caused plaintiff to believe that the balance of her alleged debt would increase in the future because of the addition of interest and other charges by Citibank.

25. Plaintiff's belief was erroneous because her debt balance would not in fact accrue interest in the future.

26. Plaintiff's belief was erroneous because her debt balance would not in fact increase due to other charges in the future.

27. Plaintiff's account balance remained steadfastly at $2,323.99 every month following November 2017.

28. Defendant's said statement in its letter that plaintiff's account balance may increase in the future due to interest and other charges caused plaintiff to suffer confusion, surprise, anxiety, stress, agitation and irritation.

## AS AND FOR A FIRST CAUSE OF ACTION

*False statement that account balance*
*may increase due to interest and other charges*

15 U.S.C. §§ 1692e and 1692e(2)(A)

29. Plaintiff re-alleges paragraphs 1-28 as if fully re-stated herein.

30. Defendant's statement in its aforesaid collection letter that plaintiff's account balance may increase in the future due to the addition of interest and other charges was false, deceptive and misleading.

31. Plaintiff's account balance did not increase due to interest subsequent to the date of defendant's letter.

32. Plaintiff's account balance did not increase due to the addition of other charges subsequent to the date of defendant's letter.

33. Plaintiff's account balance did not increase at all subsequent to the date of defendant's said letter.

34. Defendant included the statement about the account balance increasing due to the accrual of interest and other charges to scare plaintiff into quickly paying the debt.

35. Defendant included the statement about the account balance increasing due to the accrual of interest and other charges to scare the least sophisticated consumer into quickly paying the debt.

36. Defendant's inclusion of the statement in the collection letter about the account balance increasing due to the accrual of interest and other charges is therefore a false representation of the character and amount of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

37. Defendant's inclusion of the statement in the collection letter about the account balance increasing due to the accrual of interest and other charges constitutes a false, deceptive and misleading representation or means used to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692e.

## AS AND FOR A SECOND CAUSE OF ACTION

### NYGBL § 349

38. Plaintiff re-alleges paragraphs 1-37 as if fully re-stated herein.

39. Each of the deceptive and misleading acts and practices above-mentioned was committed by defendant in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NYGBL § 349.

40. Defendant's deceptive and misleading acts and practices were consumer-oriented, in that defendant is a collector of consumer debts incurred principally or wholly by natural persons.

41. The aforesaid collection letter which defendant sent to plaintiff is a mass-mailed form letter used by defendant.

42. The aforesaid collection letter which defendant sent to plaintiff is derived from a form of letter used by defendant.

43. The aforesaid collection letter which defendant sent to plaintiff is derived from a letter template used by defendant.

44. Each year defendant sends to thousands of consumers within New York State its collection letters containing the statement about the account balance increasing due to the accrual of interest and other charges, notwithstanding the fact that no interest or other charge would accruing on the account balances, similar to the letter defendant sent to plaintiff.

45. Defendant's said statement was consumer-oriented.

46. At all material times, defendant sent the collection letter concerning debts whose balances would not increase due to the accrual of interest or other charge.

47. Plaintiff is a reasonable consumer within the meaning of the NYGBL and acted reasonably under the circumstances of this case.

48. Defendant's letter caused plaintiff to believe that the balance of her alleged debt would increase in the future because of the addition of interest and other charges by Citibank.

49. Defendant's letter would cause the reasonable consumer to believe that the balance of her alleged debt would increase in the future because of the addition of interest and other charges by Citibank.

50. Plaintiff's belief was erroneous because her account balance would not in fact increase due to interest in the future.

51. The least sophisticated consumer's belief would be erroneous because her account balance would not in fact increase due to interest in the future.

52. Defendant's said statement in its letter that plaintiff's account balance may increase in the future due to interest and other charges caused plaintiff to suffer confusion, surprise, anxiety, stress, agitation and irritation.

53. Defendant's said statement was misleading and deceptive in a material way.

54. Defendant violated NYGBL § 349(a) and is liable to plaintiff under NYGBL § 349(h).

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant as follows:

    (a)    awarding plaintiff the maximum statutory damages pursuant to 15 U.S.C. § 1692k;

    (b)    awarding plaintiff actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at time of trial;

    (c)    awarding reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. § 1692k;

    (d)    enjoining defendant from committing further deceptive and misleading acts and practices against plaintiff, pursuant to NYGBL § 349;

    (e)    awarding actual damages pursuant to NYGBL § 349 in an amount to be determined at time of trial;

    (f)    awarding, in the alternative, statutory damages pursuant to NYGBL § 349 in an amount to be determined at time of trial;

    (g)    awarding reasonable attorneys' fees, costs and disbursements pursuant to NYGBL § 349(h); and

    (h)    for such other and further relief as may be just and proper.

DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
November 23, 2018.

                                        _/s/ Novlette R. Kidd_
                                        NOVLETTE R. KIDD, ESQ. (NK 9339)
                                        FAGENSON & PUGLISI, PLLC
                                        Attorneys for Plaintiff
                                        450 Seventh Avenue, Suite 704
                                        New York, New York 10123
                                        Telephone: (212) 268-2128
                                        Nkidd@fagensonpuglisi.com